**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 1 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RYAN EVANS,

Defendant - Appellant.

No. 03-4232

(D. Utah)

(D.C. No. 03-CR-283-DAK)

**ORDER AND JUDGMENT** *

Before **TACHA,** Chief Judge, **ANDERSON** and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ryan Evans appeals the sentence imposed following his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We vacate Evans' sentence and remand for resentencing.

**BACKGROUND**

During a field visit to Evans' home, state probation officers found a .22 caliber rifle in his bedroom. After initially denying ownership of the rifle, he later admitted that he had received it as payment for methamphetamine he had previously sold. Evans pled guilty.

At sentencing, relying upon Evans' statement about how he came into possession of the gun, the district court increased his base offense level in accordance with United States Sentencing Commission,       Guidelines Manual ("USSG") §2K2.1(b)(5), which provides for a four-level increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." [1] The court then sentenced Evans to thirty months imprisonment, to run concurrently with a state sentence, followed by thirty-six months of supervised release.

_____

[1]The probation officer who prepared the presentence report in this case recommended the four-level increase in base offense level. Evans objected to that portion of the presentence report. He objected again at sentencing, following which the district court, with some reservations, determined that the four-level increase was warranted.

-2-

"We review a district court's interpretation of the Sentencing Guidelines de novo, and its factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts." United States v. Brown, 314 F.3d 1216, 1222 (10th Cir.), cert. denied, 537 U.S. 1223 (2003). We have held that "if the weapon facilitated or had the potential to facilitate the underlying felony, then enhancement under § 2K2.1(b)(5) is appropriate." Id. (further quotation omitted). An enhancement is inappropriate if "possession of the weapon is coincidental or entirely unrelated to the offense." Id.

The government concedes that the drug distribution, which occurred on some prior unknown date, was completed by the time Evans received the gun as payment for the drugs. The government further concedes that "there is no evidence that Evans bargained for or agreed to sell his drugs in exchange for a firearm." Gov't's Br. at 7. Evans did not therefore use or possess the gun "in connection with" another felony offense.

Accordingly, the case is REMANDED for resentencing.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-3-